IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JERMAINE BURSE, # K7139                                                                   PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 2:12cv96-KS-MTP

FREDDIE PATTON and WARDEN
CHARLES ABRAMS                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff Jermaine Burse's Complaint [1] and Response [8]. He is incarcerated with the Mississippi Department of Corrections. He brings this 42 U.S.C. 1983[1] action alleging a wrongful Rule Violation Report ("RVR"), which resulted in the loss of 180 days of good time credit. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

On January 2, 2012, Burse alleges that Defendant Freddie Patton conducted a hearing in which Burse was found guilty on RVR # 976346. He does not state what the charge was. Presumably it involved a cell phone, because part of the resulting punishment includes participation in "this new (cell phone) program" and housing "in this short term cell phone unit." (Compl. at 4). He alleges he was not allowed to speak in his own defense and Patton falsified the record to indicate that Burse had pled guilty. In addition to the cell phone program and unit, his punishment includes 180 days loss of good time credits. Burse appealed the decision to Defendant Warden Charles Abrams, who upheld the RVR. Burse claims, "As of today, the RVR

---

[1]Because the Complaint also contained a habeas claim under 28 U.S.C. 2254, the habeas claim was severed and opened in *Burse v. Patton*, 2:12cv104-KS-MTP.

is still in my file with a guilty finding and I have lost over [sic] 180 days Good time." (Resp.)

Burse files the instant action, asserting due process violations. He seeks damages, transfer to another facility, and expungement of the RVR.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Burse to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Burse argues his RVR conviction and loss of good time credit is illegal because he was denied due process. A Section 1983 claim that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A 'conviction,' for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

The Supreme Court examined a similar case in *Edwards v. Balisok*, 520 U.S. 641 (1997). There the prisoner claimed that a prison disciplinary hearing was procedurally defective because he "was completely denied the opportunity to put on a defense through specifically identified witnesses who possessed exculpatory evidence." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The Court held this alone was enough to invalidate the RVR conviction. *Id.* at 647. Additionally, the prisoner complained that the hearing officer was biased. *Id.* Because the claims, if true, would necessarily invalidate the RVR, *Heck* barred the Section 1983 action. *Id.* at 648.

Likewise, Burse claims he was denied the opportunity to speak in his own defense. Further, he alleges the hearing officer falsified the record to reflect an admission of guilt. Success on these claims will necessarily invalidate his State RVR conviction. Therefore, they may only proceed if he proves the conviction has already been invalidated. As explained above, he admitted that the RVR conviction and loss of good time credits still stands. Further, he has a pending habeas action before the Court on this very matter. Therefore, it is clear that the RVR conviction has not yet been reversed or otherwise invalidated.

Because the RVR conviction has not yet been invalidated, Burse is precluded by *Heck* from challenging it in this Section 1983 civil action at this time. The claims under Section 1983 are dismissed with prejudice for failure to state a claim, until such time as he successfully has the State RVR conviction invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the State Rule Violation Report conviction is invalidated. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 9th day of July, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE